# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRANSOURCE PENNSYLVANIA, LLC,   :

                 **Plaintiff**   :

                             :

               **v.**   :

                             :

**STEVEN M. DEFRANK, KIMBERLY M. BARROW, JOHN F. COLEMAN, JR., RALPH V. YANORA, KATHRYN L. ZERFUSS,** *and* **PENNSYLVANIA PUBLIC UTILITY COMMISSION,**

                 **Defendants**   :

               **v.**   :

**THE COUNTY OF FRANKLIN, STOP TRANSOURCE FRANKLIN COUNTY,**

        **Intervenor Defendants**   :

**PJM INTERCONNECTION, L.L.C.,**

                    **Amicus**   :

No.  1:21-CV-1101

**Judge Wilson**

**Electronically Filed Document**

*Complaint Filed 06/22/21*

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Defendants Steven M. DeFrank, Kimberly M. Barrow, Ralph V. Yanora, Kathryn L. Zerfuss, John F. Coleman, Jr., and the Pennsylvania Public Utility Commission (collectively "Defendants"), through undersigned counsel, hereby appeal to the United States Court of Appeals for the

Third Circuit from the Order (<mark>Doc. 186</mark>), entered on December 6, 2023, denying

Defendants' Motion for Summary Judgment.

Defendants appeal this final order, (Ex. 1), as well as all orders and

judgments subsumed therein, including but not limited to the August 18, 2022

Order, (<mark>Doc. 118</mark>) (Ex. 2), and the August 26, 2021 Order, (<mark>Doc. 83</mark>) (Ex. 3), on

Defendants' Motion to Dismiss.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:   *s/ Mary Katherine Yarish*

MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID 328843

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-6315

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

myarish@attorneygeneral.gov

Date:  January 4, 2024

Counsel for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRANSOURCE PENNSYLVANIA, LLC,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-CV-1101** |
| **v.** | : | |
| | : | **Judge Wilson** |
| **STEVEN M. DEFRANK, KIMBERLY M. BARROW, JOHN F. COLEMAN, JR., RALPH V. YANORA, KATHRYN L. ZERFUSS,** *and* **PENNSYLVANIA PUBLIC UTILITY COMMISSION,** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 06/22/21* |
| **Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE COUNTY OF FRANKLIN, STOP TRANSOURCE FRANKLIN COUNTY,** | : | |
| **Intervenor Defendants** | : | |
| | : | |
| **PJM INTERCONNECTION, L.L.C.,** | : | |
| **Amicus** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I further certify that on January 4, 2024, I caused to be served a true and correct copy of the foregoing document titled *Notice of Appeal* to the following:

<u>**VIA ELECTRONIC FILING**</u>

**Allison N. Douglis, Esquire**
**Jenner & Block LLP**
**1155 Avenue of the Americas**
**New York, NY 10036**
adouglis@jenner.com
*Counsel for Plaintiff*

**Erin R. Kawa, Esquire**
**James J. Jutz, Esquire**
**Lindsay Berkstresser, Esquire**
**Post & Schell, PC**
**17 North Second Street, 12th Floor**
**Harrisburg, PA 17101**
ekawa@postschell.com
jkutz@postschell.com
lberkstresser@postschell.com
*Counsel for Plaintiff*

**Matthew Price, Esquire**
**Zachary C. Schauf, Equire**
**Jenner & Block LLP**
**1099 New York Avenue, NW**
**Suite 900**
**Washington, DC 20001-4412**
mprice@jenner.com
zschauf@jenner.com
*Counsel for Plaintiff*

**Precious S. Jacobs-Perry, Esquire**
**Jenner & Block LLP**
**353 North Clark Street**
**Chicago, IL 60654**
*Counsel for Plaintiff*
*(no email listed)*

**Scott T. Wyland, Esquire**
**Salzmann Hughes, PC**
**1801 Market Street, Suite 300**
**Camp Hill, PA 17011**
swyland@salzmannhughes.com
*Counsel for Intervenor Defendant The*
*County of Franklin*

**Bonnie S. Stein, Esquire**
**Curtin & Heefner, LLP**
**1040 Stony Hill Drive, Suite 150**
**Yardley, PA 19067**
bss@curtinheefner.com
*Counsel for Intervenor Defendant*
*Stop Transource Franklin County*

Joanna A. Waldron, Esquire
Mark L. Freed, Esquire
Curton & Heefner, LLP
2005 South Easton Road, Suite 100
Doylestown, PA  18901
jaw@curtinheefner.com
mlf@curtinheefner.com
*Counsel for Intervenor Defendant Stop
Transource Franklin County*

Mark J. Stanisz, Esquire
PJM Interconnection, LLC
Office of General Counsel
2750 Monroe Boulevard
Audubon, PA  19403
mark.stanisz@pjm.com
*Counsel for Amicus PJM
Interconnection, LLC*


 *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSOURCE PENNSYLVANIA, LLC, | : | Civil No. 1:21-CV-01101 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN M. DEFRANK, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 6th day of December 2023, for the reasons provided in the accompanying memorandum, **IT IS ORDERED** as follows:

1) Defendants' motion for summary judgment is **DENIED**.  (Doc. 146.)

2) Plaintiff's motion for summary judgment is **GRANTED**.  (Doc. 156.)

3) The Clerk of Court is directed to enter **JUDGMENT** in favor of Plaintiff with respect to **Counts I and II** of the complaint for its federal preemption and dormant Commerce Clause claims.

4) The Clerk of Court is directed to **CLOSE** this case.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSOURCE PENNSYLVANIA, LLC, | : | Civil No. 1:21-CV-01101 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GLADYS BROWN DUTRIEUILLE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>ORDER</u>

This is a declaratory judgment action filed by Plaintiff Transource

Pennsylvania, LLC ("Transource") against the Pennsylvania Public Utility

Commission ("PUC") and its Commissioners (collectively, "Defendants"). Before

the court is a motion to dismiss the complaint filed by Defendants.[1] (Doc. 57.)

For the reasons that follow, the motion will be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, Transource is a limited liability company

"formed to construct, own, operate, and maintain electric transmission facilities

and equipment within the Commonwealth of Pennsylvania." (Doc. 1, ¶ 7.) The

Commonwealth of Pennsylvania participates in an "inter-state regional electric grid

---

[1] The court previously denied this motion in part with respect to Defendants' arguments that Transource lacks standing. The court deferred ruling on the remainder of the motion based on this court's decision to abstain while the case was pending before the Pennsylvania Commonwealth Court. (Docs. 82, 83.) The court now takes up the remainder of this motion with the benefit of supplemental briefing filed by the parties after the court lifted the stay.

covering all or part of 13 states and the District of Columbia." (*Id.* ¶ 1.) As part of this system, the Federal Energy Regulatory Commission ("FERC") has a planning process to ensure "efficient and reliable operation of the . . . system[,]" which may include planning for and construction of additional electric transmission lines. (*Id.*) The complaint identifies PJM Interconnection, LLC ("PJM") as a "federally-regulated regional transmission organization" responsible for, inter alia, identifying "new electric transmission lines necessary for efficient and reliable operation of the regional electric system." (*Id.*) Participating in FERC's planning process, PJM identified a need for two new transmission lines from southern Pennsylvania into Maryland to alleviate congestion within the existing electric transmission framework. (*Id.* ¶ 2.) In October 2014, PJM began soliciting proposals "to address, among other things, transmission congestion constraints in Pennsylvania, Maryland, Virginia, and West Virginia." (*Id.* ¶ 36.)

To meet this need and construct these additional transmission lines, Transource submitted a proposal, which was approved by PJM on August 2, 2016. (*Id.* ¶ 21.) Transource then entered into a "Designated Entity Agreement" with PJM authorizing it to construct "two new electric transmission lines and associated facilities" in Pennsylvania, which was approved by FERC in January 2017. (Doc. 1, ¶¶ 3, 41.) In order to proceed with its projects, Transource applied to the PUC for a "Certificate of Public Convenience granting public utility status, which would

2

allow Transource . . . to enter upon land in order to make studies, surveys, tests, soundings and appraisals related to siting the transmission lines[,]" which was granted on January 23, 2018. (*Id.* ¶¶ 3, 43, 63.)

Thereafter, Transource alleges that it sought PUC approval in order to site the transmission lines, which the PUC denied on May 24, 2021 after it determined that the "lines were not needed because eliminating the bottleneck would primarily help out-of-state customers," rather than Pennsylvania customers. (*Id.* ¶ 4.) As part of its decision, the PUC also "revoked Transource's provisional certificate granting it status as a Pennsylvania public utility." (*Id.* ¶ 63.) Transource then filed a direct appeal to the Pennsylvania Commonwealth Court on June 23, 2021. Pa. Commw. Ct. Docket No. 689 CD 2021.

In addition, Transource filed the instant complaint on June 22, 2021, seeking declaratory relief on the grounds that the PUC's decision is preempted under federal law and violates the dormant commerce clause. (*Id.* at 40.)[2] In addition, Transource seeks injunctive relief preventing enforcement of the PUC's decision, including its revocation of Transource's Certificate of Public Convenience. (*Id.* at 41.) Transource has requested resolution of this case on an expedited basis, noting that its Designated Entity Agreement with PJM is at risk of being terminated. (*Id.* at 41; Doc. 21; Doc. 97; Doc. 113.) To date, Transource has filed a motion for

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

summary judgment and a motion to expedite, Docs. 20, 21; PJM has filed a motion

for leave to file an amicus brief, Doc. 40; and Defendants have filed a motion to

dismiss, Doc. 57. On July 12, 2021, the court issued an order setting an expedited

briefing schedule for these motions and scheduling oral argument. (Doc. 30.) All

motions were ripe for review as of August 13, 2021. (Docs. 23, 24, 41, 58, 61, 63,

66, 68, 70, 72.)

On August 26, 2021, the court issued an opinion and order denying the

motion to dismiss in part, deferring ruling on the remainder of the motion, and

staying the case pending the outcome of the parallel case pending before the

Pennsylvania Commonwealth Court on abstention grounds. (Docs. 82, 83.) On

May 17, 2022, Transource notified the court that the case pending before the

Pennsylvania Commonwealth Court had resolved and that the parties would like to

proceed with litigation in this court. (Doc. 90.) The court lifted the stay on the

same date. (Doc. 91.) Thereafter, the court set a schedule for supplemental

briefing on the pending motions to dismiss and to expedite the motion for summary

judgment, allowing limited fact discovery in connection with the motion to

expedite. (Doc. 96.) These motions are now fully briefed and are once again ripe

for disposition.[3] (*See* Docs. 97, 99, 108, 109, 113.)

---

[3] The court has already resolved the motion to expedite on August 5, 2022. (Doc. 116.) In the instant order, the court only takes up the remainder of the motion to dismiss. Decisions on the motions for summary judgment and for leave to file an amicus brief will issue at a later date.

**STANDARD OF REVIEW**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).

To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

Claim and issue preclusion are affirmative defenses that can be raised in a 12(b)(6) motion.  *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Tyler v. O'Neill*, 52 F. Supp. 2d 471, 473–74 (E.D. Pa. 1999), *aff'd sub nom. Tyler v. O'Neil*, 225 F.3d 650 (3d Cir. 2000); *Connelly Found. v. Sch. Dist. of*

*Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972).  Claim and issue preclusion "will serve as grounds for a Rule 12(b)(6) dismissal only if [, as in this case,] the basis for the defense is evident on the face of the complaint."  *M&M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010); *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005); *Reed v. Williams*, No. 3:18-cv-377, 2020 U.S. Dist. LEXIS 194946, at *12 n.55 (M.D. Pa. Oct. 21, 2020).

## DISCUSSION

Defendants argue that Transource's claims are barred by claim and issue preclusion because the PUC has already considered and rejected Transource's claims, or, in the alternative, that Transource's complaint fails to state a claim upon which relief can be granted.  (Doc. 58.)  The court considers these arguments in turn.

Claim preclusion and issue preclusion are defenses that may be applied to prevent a litigant from asserting the same claims or issues that have already been litigated in a separate proceeding.  *R&J Holding Co. v. Redevelopment Auth.*, 670 F.3d 420, 427 (3d Cir. 2011).  In cases with state law adjudications, claim and issue preclusion stem from the Full Faith and Credit Act, which provides that the district court "must give a prior state judgment the same effect as would the adjudicating state."  *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988); 28 U.S.C. § 1738.  When a preclusion defense claims that a state court judgment bars an

exclusively federal claim, the court must look to the law of the state "to ascertain the effect of the judgment." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 375 (1996) (citation omitted).  Therefore, the court looks to Pennsylvania law to determine whether the PUC's decision is entitled to preclusive effect.

"The Full Faith and Credit Statute, by its terms, applies only to 'judicial proceedings.'" *Metro. Edison Co. v. Pa. PUC*, 767 F.3d 335, 353 (3d Cir. 2014). As noted by the Third Circuit:

> PUC proceedings may be judicial in nature: "When a state agency acting in a *judicial capacity* resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency factfinding the same preclusive effect to which it would be entitled in the state's courts." [*Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Commission*, 837 F.2d 600, 611 (3d Cir. 1988)] (emphasis added).  Moreover, Pennsylvania law recognizes that PUC action and subsequent court review can be judicial in nature.  *See* 2 PA. CONS. STAT. § 704 (Pennsylvania Administrative Law and Procedure Act describing the various dispositions when a court reviews a state agency's "adjudication").  As the PUC Defendants point out, PUC decisions can be "the product of a quasi-judicial, on-the-record proceeding that includes a presiding ALJ who has the power to administer oaths, conduct evidentiary hearings, allow for cross-examination, rule on motions, review briefs submitted by the parties, and issue recommended decisions with findings of fact and conclusions of law." By implication, if a state agency proceeding is judicial, appellate review of that proceeding is also judicial.

*Metro. Edison Co.*, 767 F.3d at 355–56 (citation omitted).  Indeed, the Third Circuit has held that "[d]ecisions of state administrative agencies that have been reviewed by state courts are also given preclusive effect in federal courts."

*Edmonson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted); *see also Philadelphia Electric Co. v. Borough of Lansdale*, 424 A.2d 514, 521 (Pa. Super. Ct. 1981) ("The application of res judicata principles is not precluded merely because administrative proceedings are involved and where an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate the courts will not hesitate to apply res judicata principles.").

In this case, the parties do not dispute that the PUC proceeding was an on-the-record proceeding that involved consideration of vast amounts of testimony, evidence, and briefing that culminated in a decision on May 24, 2021 with findings of fact and conclusions of law. Indeed, the decisions attached to Transource's complaint from the Administrative Law Judge and the PUC indicate as much. (*See* Docs. 1-2, 1-3.) The court accordingly finds that the PUC proceeding was quasi-judicial in nature, and that the Full Faith and Credit Statute is applicable to this case.

The court also finds that the PUC's decision was, in part, reviewed by the Commonwealth Court. However, this review was not complete as to all arguments raised by Transource. Instead, Transource opted to split its claims by reserving its federal claims and issues for this court while pursuing its state law claims and

issues before the Commonwealth Court.[4]  Defendants argue that because

Transource could have raised all of its claims before the Commonwealth Court,

claim preclusion should still apply to bar these federal issues.[5]

As the Third Circuit has explained, "Pennsylvania follows Section 26(1) of

the Restatement (Second) of Judgments," *R&J Holding Co.*, 670 F.3d at 427,

which states that claim preclusion is inapplicable where:

> (a) The parties have agreed in terms or in effect that the plaintiff may
> split his claim or the defendant has acquiesced therein; or

> (b) The court in the first action has expressly reserved the plaintiff's
> right to maintain the second action.

*Bradley v. Pittsburgh Board of Education*, 913 F.2d 1064, 1072 (3d Cir. 1990)

(quoting Restatement (Second) of Judgments § 26(1)).  "The failure of the

defendant to object to the splitting of the plaintiff's claim is effective as an

acquiescence in the splitting of the claim."  *Id.* (quoting Restatement (Second) of

Judgments § 26(1)(a) cmt. a (1982)).  In other words, a defendant "may acquiesce

in the federal claim being split off and reserved" where the defendant does not

object to this procedure after being provided notice of the plaintiff's intent.  *Id.* at

1073 (quoting Restatement (Second) of Judgments § 86, cmt. f).  Such

---

[4] The complaint in this case was filed on June 22, 2021, and the notice of appeal to the
Commonwealth Court was filed on June 23, 2021.  (Doc. 1; Doc. 78-1.)

[5] The court notes that issue preclusion cannot be applied in this manner.  *See R&J Holding Co.*,
670 F.3d at 429–30 (rejecting attempt to apply issue preclusion to unreviewed decision of state
agency even though the issues could have been raised on appeal).

9

acquiescence effectively waives a defendant's claim preclusion argument. As outlined by the Third Circuit, this concept focuses exclusively on Pennsylvania's claim preclusion law, regardless of whether the plaintiff has classified its reservation as an *England*[6] reservation.

In this case, Transource noted its intent to reserve its federal claims for adjudication in a federal forum in its notice of appeal to the Commonwealth Court. (Doc. 78-1, p. 14.) However, the record before the court, and the scope of the court's review of a 12(b)(6) motion prevents the court from determining whether Defendants objected to Transource's intent to split its claims. Commonwealth Court filings are not publicly available and Defendants' brief before the Commonwealth Court does not appear in the complaint or the attachments thereto. Mindful that claim preclusion "will serve as grounds for a Rule 12(b)(6) dismissal only if the basis for the defense is evident on the face of the complaint[,]" *M&M Stone Co.*, 388 F. App'x at 162; *Brody*, 145 F. App'x at 771, the court finds that it cannot resolve Defendants' assertion of claim preclusion without impermissibly resolving a question of fact on a 12(b)(6) motion.

Thus, while the PUC's decision could be entitled to preclusive effect under Pennsylvania law if Transource should have raised its federal claims before the Commonwealth Court, but chose not to, the court cannot answer this question

---

[6] *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964).

without impermissibly making a fact determination: whether Defendants objected to Transource's notice of its intent to split its claims. If Defendants did not object to Transource's announced intention to split its claims, "[t]hey cannot now benefit from their silence." *R&J Holding Co.*, 670 F.3d at 428. Therefore, the court denies Defendants' motion to dismiss on claim preclusion grounds without prejudice to renewal at the summary judgment stage.

In addition, given the foundational nature of whether claim preclusion is applicable to this case, the court finds that denial of the remainder of the motion to dismiss is appropriate at this stage. Indeed, if the PUC's decision is entitled to preclusive effect, it may not be appropriate for the court to reevaluate some, or all of the conclusions of law already reached by the PUC. Thus, the merits of the remaining questions presented in Defendants' motion are better presented within the context of a more fulsome record on a motion for summary judgment. This is so especially since Defendants have requested, and the court has granted discovery in this case. (Doc. 116.) Therefore, the court denies the remainder of the motion to dismiss without prejudice to renewal at the summary judgment stage of this case.

In contrast to the court's ruling on claim preclusion, which turns on a factual question, the court finds that issue preclusion is procedurally unavailable to Defendants in this case. Issue preclusion cannot be applied to preclude relitigation

of issues that could have been raised in the same way that claim preclusion does. *See R&J Holding Co.*, 670 F.3d at 429–30 (rejecting attempt to apply issue preclusion to unreviewed decision of state agency even though the issues could have been raised on appeal). Therefore, as to the issues that Transource seeks to raise in federal court, and for purposes of the issue preclusion analysis, these issues were unreviewed, and the PUC's decision is therefore not entitled to preclusive effect. *Edmonson*, 4 F.3d at 189 ("Decisions of state administrative agencies that have been *reviewed* by state courts are also given preclusive effect in federal courts." (emphasis added)). The court therefore denies the motion to dismiss as to Defendants' issue preclusion argument.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Defendants, Doc. 57, is **DENIED** without prejudice to renewal of these issues at the summary judgment stage of this case.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 8, 2022

EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSOURCE PENNSYLVANIA, LLC, | : | Civil No. 1:21-CV-01101 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GLADYS BROWN DUTRIEUILLE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>ORDER</u>

**AND NOW**, on this 26th day of August, 2021, for the reasons set forth in the accompanying memorandum, **IT IS ORDERED THAT:**

1.  The motion to dismiss filed by Defendants, Doc. 57, will be **DENIED** in part with respect to Defendants' arguments that Transource lacks standing. The court defers ruling on the remainder of the motion.

2.  Having determined that the court has jurisdiction over this lawsuit, in the exercise of its discretion, the court will abstain from exercising its jurisdiction until final resolution of the parallel Pennsylvania Commonwealth Court proceeding at docket number 689 CD 2021 in accordance with *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); and *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014).

3.  This case is stayed at least until the final resolution of this parallel proceeding.

1

4.      The parties shall notify the court once there is a final ruling on the merits of the Commonwealth Court case.  The parties shall advise the court, in light of the Commonwealth Court's ruling, whether either party wishes to lift the stay and proceed with this case, and whether there are ongoing proceedings pending in Pennsylvania state court.

5.      The court defers ruling on the remainder of the issues presented in the pending motions until such notice is received.  (Docs. 20, 21, 40, 57.)

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania